**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **ARTURO MIRANDA, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **7:08-CV-93(HL)** |
| **JOSE RODRIGUEZ a/k/a JOSE** | : | |
| **VALESQUEZ,** | : | |
| | : | |
| **Defendant.** | : | |

# ORDER

This matter is before the Court on Plaintiffs' Motion to Remand (Doc. 10) and Defendant's Motion to Dismiss (Doc. 2). For the following reasons, Plaintiffs' Motion is denied and Defendant's Motion is granted.

## I.      BACKGROUND

This case arises out of a single-vehicle automobile accident that occurred on July 3, 2006, in Tift County, Georgia. Plaintiffs were passengers in the automobile, and Defendant Jose Rodriguez allegedly was the driver. On September 8, 2006, Plaintiffs filed suit in this Court against Rodriguez and other Defendants. In their Complaint, Plaintiffs alleged that Rodriguez was a resident of Georgia. On January 22, 2008, this Court dismissed Plaintiffs' claims against Defendant Rodriguez for failure to perfect service.

1

On June 6, 2008, in the State Court of Tift County, Plaintiffs again filed suit against Defendant Rodriguez.  This time, however, Plaintiffs alleged that Rodriguez was not a Georgia resident at the time of the accident at issue.  On July 18, 2008, Defendant filed in the State Court his Answer and a Motion to Dismiss based on insufficient service of process.  On that same day, Defendant filed in this Court a Notice of Removal (Doc. 1) and a Motion to Dismiss for insufficient service of process.  Plaintiffs did not respond to Defendant's Motion to Dismiss.  On August 18, 2008, Plaintiffs filed a Motion to Remand.

## II.    DISCUSSION

### A.  Motion to Remand

Plaintiffs contend that Defendant waived his right to remove this action by filing an Answer and Motion to Dismiss in State Court before filing his Notice of Removal.  A defendant may waive his right to remove a state court action by taking some "'substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court.'" Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004) (quoting 14B Charles A. Wright, et al., Federal Practice and Procedure § 3721 (2003)).  The defendant's "intent to waive the right to remove to federal court and to submit to state court jurisdiction must be clear and unequivocal, and the defendant's actions must be inconsistent with the right to remove."  16 Moore's Federal Practice § 107.18[3][a], 107-174 (3d ed. 2008).

Whether the defendant's defensive actions demonstrated a clear and unequivocal intent to litigate the case in state court is determined on a case-by-case basis. Yusefzadeh, 365 F.3d at 1246.

Here, Defendant filed in the State Court an Answer and a Motion to Dismiss on the same day he filed his Notice of Removal in this Court.  He did not schedule a hearing on his Motion to Dismiss or take any other affirmative action to obtain a ruling on that Motion by the State Court.  In two separate cases with facts nearly identical to these, the Eleventh Circuit held that the defendants did not waive their right to remove by filing an answer and a motion to dismiss.  See Yusefzadeh, 365 F.3d at 1246-47; Cogdell v. Wyeth, 366 F.3d 1245, 1249 (11th Cir. 2004).  As in those cases, this Court finds that Defendant's actions in the State Court did not evince a clear and unequivocal intent to waive his right to remove.

### B.  Motion to Dismiss

Defendant moves to dismiss Plaintiffs' Complaint for insufficient service of process.  In their Complaint, Plaintiffs contend that Defendant is a nonresident motorist who can be served with process under the Georgia Nonresident Motorist Act.  The Act provides that the Georgia Secretary of State is the agent for service of process for nonresident motorists.  O.C.G.A. § 40-12-2.  Service on the Secretary is sufficient service on the nonresident motorist if:

> notice of such service and a copy of the complaint and process are...sent by registered or certified mail or statutory overnight delivery by the plaintiff to the defendant, if his address is known, and the

3

defendant's return receipt and the plaintiff's affidavit of compliance with this Code section are appended to the summons or other process and filed...in the case in the court wherein the action is pending.

Id.  According to Defendant, Plaintiffs have not complied with the Act because (1) they sent their certified mailing to an address other than Defendant's, and (2) Plaintiffs did not file the return receipt.  Plaintiffs did not respond to Defendant's Motion.

The Nonresident Motorist Act is "in derogation of the common law, and must be strictly construed and fully complied with before a court of a state other than that of the defendant's residence may obtain jurisdiction of his person." Cheek v. Norton, 106 Ga. App. 280, 283, 126 S.E.2d 816, 818 (1962).  "Where the defendant's address is unknown and cannot be ascertained there is no compliance with the statute, and the courts of this State cannot obtain jurisdiction to render a judgment in personam against such nonresident defendant."  Id. at 281, 126 S.E.2d at 817.

In this case, Plaintiffs filed an Affidavit of Compliance as required by the Act. In the Affidavit, Plaintiffs assert that they sent a copy of the Summons and Complaint to the following last known address:

> Mr. Jose Rodriguez a/k/a Jose Valesquez
> c/o Ismael Mendez Lopez
> P.O. Box 117
> Clewiston, FL 33440

Defendant contends, however, that this has never been his mailing address.  In support of this assertion, Defendant filed with his Motion to Dismiss the Affidavit of

4

Oscar Galban.  In the Affidavit, Galban asserts that P.O. Box 117 is registered to him, that nobody has access to it except him, and that no one by the name of Jose Rodriguez a/k/a Jose Valesquez or Ismael Mendez Lopez has ever received mail through that box.  Although Galban asserts that he knows Lopez, he avers that he does not know anybody by the name of Jose Rodriguez or Jose Valesquez.  Plaintiffs have not contested Galban's assertions as they did not respond to Defendant's Motion to Dismiss; therefore, the Court accepts the assertions in Galban's Affidavit as true and finds that P.O. Box 117, Clewiston, Florida, was not Defendant's mailing address.  See Familia De Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980)[1] (holding that when service of process is challenged, the party on whose behalf service was made bears the burden of proving its validity).  Because Plaintiffs did not mail a copy of the Summons and Complaint to Defendant's address, the Court concludes that Plaintiffs have not properly effected service under the Nonresident Motorist Act.[2]  Defendant's Motion to Dismiss is therefore granted.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is denied and

---

[1]The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).  This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc.  Id.

[2]Plaintiffs also failed to comply with the Act because they did not file Defendant's return receipt; however, the Court need not address this issue in detail because Plaintiffs' failure to send the mailing to the proper address is a sufficient basis for dismissal.

Defendant's Motion to Dismiss is granted.


**SO ORDERED**, this the __2nd__ day of January, 2009


                              **s/Hugh Lawson**
                              **HUGH LAWSON, Judge**

dhc